Oral argument not to exceed 15 minutes per side, and Mr. Mullins for the appellate. May it please the court, my name is Arthur Mullins and I represent Christopher Clark. I'd like to reserve three minutes for rebuttal. Alright.  A question about whether or not Mr. Clark was competent to stand trial. Indeed, there was a competency hearing, albeit five years prior to the trial, in which Mr. Clark was found competent to stand trial. The issue here, however, presents the question of whether where a judge misunderstands the law and does not realize there are two separate competency standards, one for competency to stand trial and two for competency to conduct your own defense, whether or not that judge can conduct a valid FRERTA waiver. And the answer is no. Without knowing that there are two separate competency hearings, that FRERTA hearing was ended in structural error and was invalid. Are you relying on just that one statement that says I don't have a choice, I have to let you represent yourself or something? Judge, that's obviously the most direct evidence that the court said in his own words, I don't have a choice but to allow you to represent yourself. But I'm also relying on a couple important facts. Number one, it's important to recognize that this judge came on to the case at the eleventh hour, a case that had been pending for six years. It appears this was his first interaction with all  defense counsel and definitely Mr. Clark. This judge was from out of district. And the competency hearings that had occurred had occurred five years prior. In fact, the current defense attorney wasn't the attorney at that time. Based simply on the reading of those competency hearings and the prognosis and the severe mental illness that Mr. Clark clearly exhibited, it's detailed in those reports and I know the court has those, but I just emphasize their prognosis spells out due to Mr. Clark's chronic history of self-medicating with illicit substances and the severity, chronicity and complexity of his mental status. His prognosis is guarded. And continues saying his mental illness could exacerbate and significantly interfere with his competency in the future. Although he was currently... Let me ask you this. Was there a claim at the trial by either the defendant or his lawyer that your client was less than competent? There was a motion, as I indicated, five years prior in front of... No, no. I mean at the trial itself. Did either Mr. Clark's lawyer or himself raise an issue at that time as to his competence, either in pretrial motions leading up to the trial or there in the courtroom at the time of the trial? No, Your Honor. In fact, the defense counsel is pretty much silent once Mr. Clark asks to proceed pro se. There isn't any discussion of his mental competency during that conversation on whether or not he can proceed. Well, the competency matter was not an issue before the court at that time, wouldn't you say? I believe it was, Judge, in this sense. Because of his long history of mental health, mental illness, and based on the clear reports that were before the court in those competency hearings and sanity hearings, I believe it was incumbent upon the court to inquire into his current mental health status. Why would that be the case when the instance of mental problems was quite remote in time and there was no evidence or indication at the time of trial that that was an issue? Well, simply because as the report indicated, that remoteness in time, I believe... What report are you referring to? The competency to stand trial, Judge, conducted in April of 2007. They warned that his mental illness he could certainly decompensate. And in my view, Judge, when this individual on the 11th hour asked to represent himself, case law as reported in this court's opinion of, I believe it's, I don't want to get the pronunciation wrong, Abdul Muttalib, there's a discussion about when a court needs to order a competency hearing when someone is seeking to go pro se. And in that case, this court found that it was not an error for the judge not to order that competency hearing. But this court did recognize that a defendant's long history of psychological problems is the significant history of mental illness is the common denominator in Supreme Court cases where the courts have found error in failing to hold a competency hearing. Let me ask you this. Following this episode at the trial where he was removed, he was given the opportunity to represent himself. And after the trial, has there been any subsequent evaluation of your client where he was determined to have mental problems or to be incompetent? Judge, he is currently receiving mental health care. He's on numerous antipsychotic medications as reflected in the pre-sentence report. At the time, he was continuing to receive care. In fact, he's been under psychiatric care since the beginning of the age of 10 years old. That could have happened quite some time after the trial. I mean, in the wake of the trial proceeding, was he deemed to have acted inappropriately at the trial because of some mental problems in a timely way and as a follow-up to the trial itself? Well, indeed, Judge, on the second day of the trial, he was removed from the trial because of his behavior. And in fact, when he was removed, he ended up smashing his head against a wall, flooding a cell. I wasn't asking about that. I mean, courts have unruly criminal defendants all the time. I was asking about some evaluation of professional determination that he was mentally impaired or less than competent and that kind of thing. No, Judge. As far as I know, once he was sentenced, he was sent to federal prison. And my understanding is he is receiving antipsychotic medication. But the question in my view is this court did not appear to be familiar with Indiana v. Edwards and be familiar with the fact that there are two separate competency standards. And it's not enough just to determine that someone's competent to stay in trial. There's a much higher bar to allow someone to represent themselves. At the time the judge granted him the right to proceed per se, there was a colloquy. And in fact, at the end of the day, the judge commented on how well he had performed, right? During the colloquy No, there was a colloquy that established that he was totally oriented and understood the gravity of the charges and the difficulty he would face. He was entirely lucid and intelligent in that conversation. And if I understand correctly, at the end of the day, after he had represented himself for some time, the court commented on how well he had done representing himself. Is that right? Judge, well, I would not characterize the colloquy exactly as Your Honor did. And I just want to quote a few of his responses. When the court asks, Are you making this decision voluntarily? Mr. Clark says, Yes, sir. I'm going to sit here and as long as it takes me to figure this out, we will sit here and figure it out. The court says, No, that's not what we're going to do. And the defendant says, Well, you can go ahead and run it on through and we'll figure it out later. So to me, that is a bit of a red flag when considering whether or not he is actually volunteering. And that's on page ID 827 of document 152. It's cited in my initial brief. What is that a red flag of except that he doesn't understand the procedure of the court? Or else there's a self-destructive impulse or something of that nature? Well, that self-destructive impulse coupled with his mental illness and guarded prognosis, I believe. Well, he wasn't deemed at the time of the trial to be mentally ill. Well, he was, Judge. The competency evaluations clearly established that he was mentally ill. They were prescribing him mental ill psychiatric medication. He was schizophrenic. He was hearing voices. He was seeing demons. You're saying at the time of the trial there had been a mental evaluation that he was mentally ill at that time. That's what you just said. Yes, Judge. Five years prior, when he had the I'm not talking about five years prior. You just said that at the time of the trial he had been deemed to be mentally ill. So who made that diagnosis and where would we find the report? The diagnosis was done during his competency to stand trial hearing and also the other By whom? By the Bureau of Prisons. So you're saying at the time of the trial the trial judge had a report that he was mentally ill at that time? That is what I'm saying, Judge. Where would we find that report? Or why didn't you make reference to it in your brief? Well, it is made reference to, Judge. He was mentally ill but not incompetent. Correct. Not incompetent to stand trial. That was the standard they looked at because this case he was evaluated prior to Indiana v. Edwards. So the psychiatric evaluation never considered the question of whether he was competent to your argument is this, that you're right that there's a dichotomy. Competence to stand trial does not equate automatically to competence to represent yourself. But once the threshold level of competence to stand trial is reached the competence to represent yourself falls to the court. And that's accomplished through the colloquy, which was very thorough here. There's nothing, I can tell you this from personal experience, there's nothing a judge hates worse than a defendant representing himself. So you bend over backwards, you do everything you possibly can to not let that happen. And he went through all of that and you don't really fault that. You're not really alleging that he didn't have a complete colloquy or whatnot. So, I mean, if you send him back to a mental health professional the day before trial, unless he's going to reverse his initial competency hearing, what does that person know about what that person needs to do to represent himself? The judge is in the best position to know what a person needs to do to represent himself. Your Honor, I see that my time is up, but I think one basic thing is every day when defendants enter guilty pleas, that the court consults with defense counsel and asks them if they believe their client is competent. It's something that in this case was never considered. Again, there is the right to be competent, the standard of competency to stand trial, yet it does not appear that the court ever considered the question of whether he could force counsel on this defendant based on his not being competent to conduct his own defense. I just have one other question. Chronology-wise, he represented himself the first day, and was it the second day when he started not wanting to participate? Yes, Your Honor. And on which day did the court reappoint counsel? Standby counsel took over on the second day when Mr. Clark was removed from the courtroom. But he was appointed right at the beginning. He was appointed, and then he was deemed standby when he was appointed. And did any of these activities take place in front of the jury? No. As far as Mr. Clark's behavior before he was removed, no. So, I mean, as soon as the judge realized that he wasn't properly representing himself, he reappointed counsel. Well, and that gets to the heart of why I think the court needs to recognize that it's a structural error, and it's not a result-oriented question here. It's a structural error if the threat of waiver is invalid, and that's what we have in this case. I know you're out of time, but I have one more question here. I'm having trouble finding in your brief where you have said, as you indicated was in your brief, that the judge had before him a report at the time of the trial showing that the man was currently mentally incompetent or disabled or something of that nature. Where in your brief is that? Judge, well, I will point out that, as I indicated, one question is whether or not that particular judge was aware of those reports, but they were in the docket. You told me it was in your brief. Yes, I'll tell you exactly where it is, Judge. When I refer to the defendant's competency evaluation, it's on page 16 of my brief, and I describe both evaluations found Clark to be suffering from various mental illnesses. He was diagnosed with schizoaffective disorder, and I go on to list the other problems, and then I quote at length the criminal responsibility evaluation on that same page. That's not what you said. This is talking about some reports from five years prior, and you told me there was currently a report that he was impaired at that time, and that you had it in your brief, and that's not what's on page 16. Well, I guess, Judge, I misunderstood the question. Mr. Clark is a schizophrenic, and he is suffering from it before the trial, at the time of the trial, and currently today, and being treated for it. You didn't say the correct thing. I kept emphasizing that whether there was a report that he currently was incompetent, and you said that there was a report, and you said it's in your brief, and it's not in your brief. I must have misunderstood your question, Judge, but the point is that he was... Well, I wasn't trying to invite more argument. I just wanted to know where that was in your brief, because you'll have your rebuttal time. Thank you, Judge. Good morning, Your Honors, and may it please the Court, Dave Lieberman for the United States. Let me jump straight into the record on the competency issue and go to the 2007 competency report that my friend on the other side has referenced. The examiner in that case found that Mr. Clark was competent to stand trial, but also, on page 7, the examiner looked at Mr. Clark's abilities to make informed decisions about other issues that come up on trial, his defenses, his constitutional claims, and on page 7, the examiner specifically concludes that Mr. Clark could make an informed decision about his constitutional rights, including the right to counsel. So we know in 2007 that Mr. Clark, in this examiner's opinion, is of a five-year gap between 2007 and the first day of trial, and I think it's helpful to look at what was happening during that five-year gap. Mr. Clark was represented by three different court-appointed attorneys, none of whom ever expressed any concern to the court that Mr. Clark's mental status had deteriorated from 2007. This was the concern that the examiner had flagged at the bottom of the report. So no concerns by three different court-appointed counsel. In addition, during these five years, the district court had a number of hearings where Mr. Clark was present and which Mr. Clark participated in. To the transcripts that I looked at recently, there was a change of plea hearing that did not go through, and there was also a hearing a couple days before the first day of trial before the magistrate judge. Mr. Clark is interacting with the judicial officers in all those tribunals. He is conducting himself appropriately. He is speaking coherently and in complete sentences, and at no point does he evidence any misunderstanding about what's going on or what's about to happen with his trial proceedings. So absolutely nothing in that five-year period. Then we get to the first day of trial. Mr. Clark asks to represent himself. The district court stops the proceedings, carefully confirms that Mr. Clark understands the procedures that will govern the trial, makes sure that Mr. Clark knows the severity of the charges against him, and strongly admonishes him, strongly, to accept the services of a court-appointed attorney. Mr. Clark responds appropriately throughout this entire colloquy. His answers are lucid, and at the end of the day, the district court honored his request. There is nothing in this record to give rise to any doubts about Mr. Clark's competency from 2007 until the first day of trial. The concerns that the examiner highlighted in 2007 that maybe his mental conditions would further exacerbate and have an issue and impact his competency, there's no evidence that that ever occurred. So on the record before it, the district court did not abuse its discretion, either in the colloquy or in its bottom-line decision. Now, Mr. Clark doesn't challenge the colloquy at all, the format, because it substantially complied with this court's model colloquy, the bench book colloquy. And this court had said in Abu Mutalib that a further need for competency is only necessary if there is something in the record, as I just explained. There are no doubts in the record suggesting that Mr. Clark's competency had deteriorated from 2007. And my friend on the other side relies quite a bit on the Edwards decision. We interpret that decision differently. In that case, the U.S. Supreme Court said that where we have a defendant who is competent to stand trial, a district court may, notwithstanding that defendant's compensation, decide on the defendant if the court makes nuanced findings that this defendant, due to mental problems, is not able to represent himself appropriately in front of the jury. But this is, I cited this in a Rule 28 jail adder to the court last week. This is the Fifth Circuit's words. It's a permissive rule. It's not a mandatory rule. So that if a district court has a defendant who is competent to stand trial under the bench book inquiry, a district court may, in fact, honor that request. Final point on this argument. My friend on the other side has said that the district court misunderstood that there are two competency inquiries. I disagree with that. I know, Judge White, in your concurrence in the Heard case, you mentioned that these are two different decisions that the district court has to make. Dusky, Feretta. And the district court recognized that here. It conducted the Feretta inquiry that this court has required district judges to undertake. At no point did the district court mention the Dusky standards or any of the language or perform any of the questions that we normally think of in a traditional competency to stand trial setting. So there's absolutely no evidence here that the district court misunderstood the nature of what he was doing the issue before it. Let me ask a slightly different question. I think we pretty much exhausted this issue. At the point in time, there are also in this case some trial errors that are alleged, particularly as it relates to 404B evidence. Yes, Your Honor. At the time that that particular testimony was elicited, had a stand-by counsel taken over at that point? Yes. In both instances, the testimony about the Alabama crime scene, and there was no objection, as well as the testimony from the bystander about what Mr. Clark's mother said to him after a car crash. Counsel was present. He did object to the second one. If the court has any concerns about whether or not there was evidentiary error, there's no plain error on the first alleged error, or there was no harmless error on the second. You weren't here yesterday, but this is sort of a reprise of what we covered in another case yesterday, but it's kind of ironic when the government argues that, well, we didn't need the 404B evidence anyway because the evidence was overwhelming. In this case, the concern is that this is dangerous waters to tread in, and when you come back later and say, well, if it was wrong, we didn't need it, then why did you use it in the first instance? I certainly understand that concern, Your Honor. I think what the trial AUSA was concerned about is that this court has issued several opinions saying that there's a very heightened standard in federal carjacking to prove intent, and she thought that this evidence was relevant to that. Again, if there's error, certainly it was harmless in this case. But I understand your concerns, and I will express them to the Attorney's Office. My final point, I just want to briefly mention two issues that came up when reviewing the ACCA issue. First, I just want to stress to the Court that the sentencing enhancements under ACCA that Mr. Clark received will have no practical consequence on his case, because even if this Court would vacate his sentences on Counts 5 and 6, he still received 235 months concurrent on Counts 9 and 10, so his 919 month sentence overall will stay intact no matter what the Court does with that claim. And then I know Mr. Mullins has cited to several of this Court's decisions that have walked away from the Hill test that this Court typically uses. In all of those decisions, Graves, Thomas, and Mann, the Court placed a special emphasis on physical and temporal proximity, that the two offenses occurred one right after the other in a similar location. I would urge the Court to look at the case report for Mr. Clark's prior convictions, which were admitted into evidence at the sentencing hearing. This shows that his two Texas convictions from 1994, they were the bookends of a very long car chase. I think it's about 25 miles, and so this is far beyond any time or location that those three cases had endorsed. But it's one car chase, right? It's not a case where the defendant ran across the street, robbed a second business. Which I think is more divisible than you're on the same car chase. Yes, Your Honor. The focus that this Court has set on physical and temporal proximity, his prior convictions go far beyond any of that. If there's a test that relies on the fact that this was the same car chase, it hasn't been articulated yet before this Court. Unless there are any more questions, the Government asks that the Court below be affirmed. Thank you. Thank you. Any rebuttal? Your Honor, I just want to emphasize that the issue in Indiana v. Edwards is not the issue here. The Government makes the argument that Indiana v. Edwards talks about two standards, but it being permissive. But in that case, it was a situation where the State did force an attorney on an unwilling defendant, and the Court and Supreme Court said that was okay, that's permissible. This is a different situation. And to take the Government's argument to its conclusion would suggest that a defendant could be found competent to stand trial, but found not competent to defend himself, to conduct his own defense. But nevertheless, a Court could allow him to do so. And that simply flies in the face of the most basic goal mentioned in Indiana v. Edwards, and that is to make sure that a defendant receives a fair trial. So I think it's a different situation we have here, and that's why the argument that this is a permissive standard doesn't fly in a situation where we have a defendant who is not competent to defend himself. That is why it becomes structural error for the Court to allow him to do so. And that's all I have at this time. Thank you very much. The case will be submitted.